# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

ANGELA BOWBLISS,                  )
                                )        Civil Action Number:
    Plaintiff,                   )
                                  )
                                )        FLSA Action
v.                                )        Jury Trial Demanded
                                )
MATTHEW A. DICKASON, P.C., a      )
Georgia Professional Corporation, and )
MATTHEW A. DICKASON, and ZACH     )
WACHS, individuals,               )
                                )
Defendants.                       )

## FLSA COMPLAINT

COMES NOW Plaintiff Angela Bowbliss ("Plaintiff") by and through her undersigned counsel, and files this lawsuit against Defendants Matthew A. Dickason, P.C. also known as Dickason Law Group ("Defendant DLG") and Matthew A. Dickason ("Defendant Dickason") and Zach Wachs ("Defendant Wachs") (collectively "Defendants") pursuant to § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), and in support thereof would further state as follows:

### INTRODUCTION

1.    The instant action arises from Defendants violations of Plaintiff's rights under the FLSA, 29 U.S.C. §§ 201, et seq., as amended and specifically the provisions of the FLSA found at § 216(b) to remedy violations of the overtime

provisions of the FLSA by Defendants which have deprived Plaintiff of her lawful overtime wages.

2. This action is brought to recover unpaid minimum wage and overtime compensation owed to Plaintiff, pursuant to the FLSA.

3. Plaintiff is employed by Defendants and works from her home as a telecommuter performing duties as a Precloser and/or Short Sale Facilitator based out of Defendants' location at 1801 Peachtree Street North East, Suite 155, Fulton County, Atlanta, Georgia, 30309 ("Defendants' Atlanta Location").

4. During the employment of Plaintiff, Defendants committed violations of the FLSA by failing to compensate Plaintiff at the legally appropriate overtime rate for all hours worked in excess of 40 hours in a given workweek.

5. Plaintiff seeks overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

7. Venue is proper in the Norther District of Georgia under 28 U.S.C. § 1391 (a) and (c) because a substantial part of events or omissions giving rise to the

claims occurred within the jurisdiction of this Court and because Defendant DLG is located in this District and is subject to personal jurisdiction in this District.

## PARTIES

8.   Plaintiff resides in Greer, South Carolina.

9.   Plaintiff is currently employed by Defendants to perform the duties of a Precloser and/or Short Sale Facilitator from on or about November, 2013 - present.

10.   At all times material to this action, Plaintiff was an "employee" of Defendants defined by § 203(e)(1) of the FLSA, although she is illegally treated as an "independent contractor" by them, and worked for Defendants within the territory of the United States.

11.   Plaintiff is further covered by §§ 203, 206, and 207 of the FLSA for the period in which she has been employed by Defendants.

12.   During the time relevant to this action, Plaintiff was an employee of Defendants and who was engaged in commerce or in the production of goods for commerce.

13.   Defendant DLG is a professional corporation formed under the laws of the State of Georgia and provides its clients with solutions regarding real estate closings and title services from Defendants' Atlanta Location and elsewhere throughout the state.

14. Upon information and belief, Defendant Dickason is the sole owner of Defendant DLG and Defendant Wachs is the Chief Operating Officer of Defendant DLG.

15. Defendants conduct business within this state and district.

16. Defendants maintained either actual or constructive control, oversight and direction of Defendants' offices, including the employment and pay and other practices of the operation.

17. Defendant DLG is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Defendant Dickason at 1801 Peachtree Street NE, Suite 155, Fulton county, Atlanta, Georgia 30309.

18. Defendant Dickason is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served at 1801 Peachtree Street NE, Suite 155, Fulton county, Atlanta, Georgia 30309.

19. Defendant Wachs is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served at 1801 Peachtree Street NE, Suite 155, Fulton county, Atlanta, Georgia 30309.

20. At all times material to this action, Defendant DLG, was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceed $500,000.

21.   At all times material to this action, Defendant DLG, was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

22.   Upon information and belief, at all times material to this action, Defendant Dickason was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

23.   Upon information and belief, at all times material to this action, Defendant Wachs was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

24.   The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## FACTUAL ALLEGATIONS

25.   At various times relevant to this action, Plaintiff's primary duties, working from her home as a telecommuter include Precloser and/or Short Sale Facilitator.

26.   At all times relevant to this action, Plaintiff's Primary duty was not the management of the enterprise in which she was employed, nor of a customarily recognized department or subdivision thereof.

27.   At all times relevant to this action, Plaintiff did not possess the authority to hire or fire other employees.

28.     At all times relevant to this action, Plaintiff did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities she performed.

29.     At all times relevant to this action, Plaintiff was a non-exempt employees for purposes of overtime compensation.

30.     At relevant times to this action, Plaintiff was at times required to work for no compensation whatsoever.

31.     At all times relevant to this action, Defendants did not compensate Plaintiff for all time worked in excess of 40 hours per week at rates at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, 206, and 207.

32.     Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under as defined by § 203(d) of the FLSA with respect to Plaintiff.

33.     Defendants had complete control over the manner in which Plaintiff performed her work.

34.     Plaintiff had very little opportunity, if any, for profit or loss depending on her managerial skill.

35.     The service rendered by Plaintiff did not require a special skill.

36.    The working relationship had the possibility for a high degree of permanency and duration.

37.    The services rendered by Plaintiff were an integral part of Defendants' business.

38.    During her working relationship, during times relevant to this action, Plaintiff was economically dependent upon her job with Defendants.

39.    Defendants failed to meet the requirements for paying Plaintiff at a rate at which Plaintiff was legally required to be paid under the compensation requirements of the FLS under 29 U.S.C. §§ 203, 206, and 207.

40.    Defendants are liable to Plaintiff for compensation for any and all time worked and for any and all time worked in excess of 40 hours per week at the rate at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA 29 U.S.C. §§ 203, 206, and 207.

41.    By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

42.    As a result of Defendants' willful violations of the FLSA and lack of good faith related thereto, Plaintiff is entitled to liquidated damages.

43. Plaintiff has retained the undersigned counsel to represent her in this action and pursuant 29 U.S.C. § 216(b). Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

44. Plaintiff demands a jury trial.

## COUNT ONE

45. Plaintiff repeats and incorporates by reference all above paragraphs.

46. By their actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations by failing to properly compensate Plaintiff in an amount required by law.

47. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive an overtime rate not less than one and one-half times the regular rate at which she was employs.

48. Defendants have not made a good faith effort to comply with the FLSA with respect to its overtime compensation of Plaintiff.

49. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of overtime compensation equal to not less than one and one-half times the regular rate at which she was employed in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pursuant to § 216(b) of the FLSA, prays for the following relief:

A.    That Plaintiff be awarded damages in the amount of her unpaid compensation, plus an equal amount of liquidated damages;

B.    That Plaintiff be awarded reasonable attorneys' fees and costs of this action; and

C.    That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which she may be entitled.

Respectfully submitted this 3rd day of May, 2017.

MARTIN AND MARTIN, LLP

By: _Kimberly N. Martin_
Kimberly N. Martin
kimberlymartinlaw@gmail.com
Georgia Bar No. 473410
Thomas F. Martin
tfmartinlaw@msn.com
Georgia Bar No. 482595

MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085-10170
(404) 313-5538